JORGENSON, Associate Judge.
The appellant challenges multiple judgments of conviction and sentences for the sale of cocaine, and possession with intent to sell. Because the court failed to conduct a sufficiently thorough inquiry in connection with the appellant’s decision to represent himself at trial, the convictions must be reversed.
The necessity for a thorough inquiry when a defendant waives the right to counsel derives from Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Florida Rule of Criminal Procedure 3.111(d). As Faretta indicates, a defendant’s decision in this regard must be knowingly and intelligently made, and the defendant should be made aware of the dangers and disadvantages of self-representation. Numerous cases applying Faretta and rule 3.111(d) have described the necessary parameters of the required inquiry. See e.g., Taylor v. State, 610 So.2d 576 (Fla. 1st DCA 1992); Hayes v. State, 566 So.2d 340 (Fla. 2d DCA 1990); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984). Although the court made some inquiry in the present case; and cautioned the appellant against self-representation, the inquiry fell short of that which is mandated by cases such as Taylor.
*875 Because the appellant’s convictions must be reversed due to the absence of a sufficient Faretta inquiry, it is unnecessary to address his remaining assertions of error. The convictions are reversed, and the cause is remanded.
WIGGINTON and MICKLE, JJ., concur.