618 So.2d 786 (1993)
Arlene GARGANO and Michael Gargano, Appellants,
v.
Anthony COSTARELLA, Citrus Memorial Hospital, and Carlos Gonzalez, Appellees.
Nos. 91-2749, 92-835.
District Court of Appeal of Florida, Fifth District.
May 21, 1993.
James A. Sheehan, James A. Sheehan, P.A., St. Petersburg, for appellants.
Andrew G. Pattillo, Jr. and Kelly G. Hamer, Pattillo & McKeever, P.A., Ocala, for appellee Citrus Memorial Hosp.
No appearance for appellees Anthony Costarella and Carlos Gonzalez.
PETERSON, Judge.
Arlene and Michael Gargano appeal a judgment awarding attorney's fees and dismissing their medical malpractice complaint against Citrus Memorial Hospital (CMH) for failing to serve, simultaneously with their notice of intent to sue, an expert medical opinion substantiating their claim. We reverse.
This appeal is controlled by the recent case of Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA), review denied, 604 So.2d 487 (Fla. 1992), which was decided subsequent to the trial court's orders in the instant case.
Section 766.203, Florida Statutes (Supp. 1988), requires that a corroborating medical opinion be provided at the time a notice of intent to sue is mailed, but the law applicable to the facts in Stebilla and the instant case is found in the prior version of the statute set forth in chapter 88-1, section 50, Laws of Florida, effective February 8, 1988, which provided in part:
Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert as defined in section 49(5), at the time the notice of intent to initiate litigation is filed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.
(Emphasis added.)
March 23, 1988, the date of the act of alleged medical malpractice giving rise to the instant claim, is within the window period beginning February 8, 1988, the effective date of the act, and ending July 5, 1988, the effective date of a glitch bill. The glitch bill recognized that there is no place to file a notice of intent or opinion until a suit is initiated. Chapter 88-277, section 26, requires that the expert medical opinion be provided when the notice of intent to sue is mailed.
In Stebilla, it appears that, while the expert medical opinion may have been obtained by the plaintiff prior to suit, a documented version had not been supplied to *787 the defendants. In the instant case, Gargano served by mail a copy of the medical expert opinion to CMH at least ninety days prior to filing suit and attached a copy to the complaint at the time of filing suit, all within the two-year statute of limitations period. That difference in the facts of the two cases weighs more heavily toward precluding dismissal in the instant case than in Stebilla. While the notice of intent and the expert medical opinion may not have been served simultaneously to CMH during the presuit period, the last to be mailed  the expert medical opinion  was furnished over ninety days prior to filing suit, and both the notice and the opinion were filed with the complaint. "Under Chapter 88-1, in effect in April, 1988, there was not even a requirement that the opinion be furnished simultaneously with service of the notice." Stebilla, 595 So.2d at 138.
We reverse the trial court's order dismissing the suit on the basis of the failure to provide simultaneously the presuit notice and the corroborating opinion. Since the dismissal is reversed, the judgment for attorney's fees must also be vacated.[1]
REVERSED; REMANDED.
W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] We express no opinion on the other grounds for dismissal asserted because the trial court did not rule on them.