CONFESSION OF ERROR

PER CURIAM.
Appellant, J.B., was represented by counsel when he entered a plea of nolo contende-re to charges of trespass and petit theft. However, at the disposition hearing, appellant waived his right to counsel prior to being adjudicated delinquent.
During a brief colloquy the court offered appellant a lawyer free of charge and informed him of the difficulties of appealing from any judgment or sentence. However, appellant was not advised of the disadvantages of self-representation and the possible sentencing dispositions which spanned from a withhold of adjudication to secure detention.
Appellant asserts that the trial court failed to advise him of the disadvantages of self-representation before accepting his waiver of counsel at the disposition hearing and the possible disposition alternatives the court could impose including the fact that he could be adjudicated delinquent and placed in secure detention. Moore v. State, 615 So.2d 874 (Fla. 1st DCA 1993); Taylor v. State, 610 So.2d 576 (Fla. 1st DCA 1992); Smith v. State, 549 So.2d 1147 (Fla. 3d DCA 1989); see also K.M. v. State, 448 So.2d 1124, 1125 (Fla. 2d DCA 1984). Failure to conduct a proper inquiry is not subject to harmless error analysis. State v. Young, 626 So.2d 655, 657 (Fla.1993).
Based upon the State’s proper confession of error, we reverse and remand for a new disposition hearing. Upon remand, appellant can waive counsel upon knowledge of the disadvantages of self-representation and the possible dispositions or procéed with appointed counsel. Accordingly, it is unnecessary to address the other issues raised by appellant.
Reversed and remanded.