FARMER, Judge.
In this medical malpractice ease, the trial judge dismissed the action on the grounds that the statute of limitations had run. We reverse.
Under the applicable statute of limitations, “[a]n action for medical malpractice shall be commenced within two years from the time that the incident giving rise to the action occurred or within two years from the time the incident is discovered or should have been discovered with the exercise of due diligence....” §95.11(4), Fla.Stat. (1995). In Tanner v. Hartog, 618 So.2d 177 (Fla.1993), the court held that the medical malpractice claimant is not charged with discovery until he has knowledge of both the fact of injury as well as facts indicating a reasonable possibility that the injury was caused by medical malpractice.
This case was dismissed upon a motion made under rule 1.140(b)(6).[1] We thus examine the complaint to determine if plaintiff could prove any set of facts showing that the statute of limitations had not run before the action was commenced.
In his amended complaint, plaintiff attached a number of reports from various medical providers. One of those reports is of an MRI done some six months after the surgery to repair his broken wrist and arm. Reading the amended complaint and attached papers, we conclude that plaintiff would be able to offer evidence from which a jury could reasonably conclude that he was not chargeable with discovery of the incident until November 11, 1993. This action was commenced in April 1995 but dismissed August 21, 1995 — or well within the limitations period. Consequently his last pleading was amendable within the statutory period to show compliance with the presuit notice requirements. Kukral v. Mekras, 679 So.2d 278 (Fla.1996).
REVERSED.
GROSS, J., and GROSSMAN, A. J., concur.

. Fla.RXiv.P. 1.140(b)(6) (failure to state a cause of action).