COPE, J.
(dissenting).
I respectfully dissent from the denial of rehearing en banc.
I.
Under the medical malpractice screening statute, health care providers must make copies of requested medical records within ten business days of a plaintiffs request, at a reasonable charge. See § 766.204, Fla. Stat. (1997). The purpose of the statute is to give plaintiffs the documents they will need so that they can comply with their presuit obligations under the screening statute.
The statute states:
766.204 Availability of medical records for presuit investigation of medical negligence claims and defenses; penalty.—
(1) Copies of any medical record relevant to any litigation of a medical negligence claim or defense shall be provided to a claimant or a defendant, or to the attorney thereof, at a reasonable charge within 10 business days of a request for copies. It shall not be grounds to refuse copies of such medical records that they are not yet completed or that a medical bill is still owing.
(2) Failure to provide copies of such medical records, or failure to make the charge for copies a reasonable charge, shall constitute evidence of failure of that party to comply with good faith *1143 discovery requirements and shall waive the requirement of written medical corroboration by the requesting party.
Id. (Emphasis added).
In the present case the plaintiff contended that the Public Health Trust (which operates Jackson Memorial Hospital) had failed to provide requested documents in a timely manner. Plaintiff requested a finding that the Hospital had waived its right to require written medical corroboration from the plaintiff.
The trial court conducted an evidentiary hearing at which only the Hospital presented witnesses. The witnesses were two representatives of the Hospital, a representative of the copy service which copied the records in question, and counsel for the former co-defendant University of Miami.
The gist of the testimony was that after receiving this massive file, the copy service told a paralegal from the office of plaintiffs counsel that the copying charge would be in excess of $1,000. The copy service was advised to wait until plaintiff confirmed that the entire chart should be copied. Later the plaintiff authorized the copying. The copying was performed and available for plaintiff to pick up upon tendering payment. This whole process took about eighty days.[1]
No one testified from the plaintiffs side to contradict any of the hospital’s witnesses. Plaintiff offered no testimony that she had suffered any prejudice on account of the time interval.
Under the statute, the question for the trial court was whether there was “evidence of failure of [the Hospital] to comply with good faith discovery requirements .... ” Id. § 766.204(2). After hearing the evidence, the trial court ruled in favor of the Hospital. The trial court ruled that there had been no waiver of the requirement of written medical corroboration.
The trial court went on to find that plaintiff had not properly complied with the statute and dismissed the complaint. Plaintiff appealed. The panel reversed and said, “As the hospital far exceeded the section 766.204(1) ten-day deadline in providing [plaintiffs counsel] with the requested records, under section 766.204(2) the hospital waived the corroborating affidavit requirement.” Opinion at 3 (citations omitted).
II.
Although not artfully drafted, the statute provides that failure to make requested copies “shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written medical corroboration by the requested party.” § 766.204(2), Fla. Stat. (1997) (emphasis added). The phrase “evidence of’ necessarily means that the trial court is called on to make a factual determination whether the health *1144 care provider has, or has not, complied in good faith with its discovery obligations. If the provider has complied in good faith, there is no waiver.[2]
Obviously if delays in the copying process were caused by the plaintiff, that is not the defendant’s fault. In reading the evidentiary record in this case, we are obliged to draw all of the factual inferences in favor of the Hospital, who prevailed below. See Smith Barney, Inc. v. Potter, 725 So.2d 1223, 1225 (Fla. 4th DCA 1999). Read in that light, the record amply supports a conclusion that the Hospital acted in good faith and that the delays were, in fact, attributable to the plaintiff.
III.
The panel’s application of the statute in this case is contrary to the Florida Supreme Court’s decision in Kukral v. Mekras, 679 So.2d 278 (Fla.1996).
In Kukral the court ruled in substance that sanctions cannot be imposed under the medical malpractice screening act absent a showing of prejudice. See id. at 284. In that case the plaintiff failed to strictly comply with the time deadline for filing the affidavit of his medical expert. The affidavit was filed late and the trial court dismissed the action. See id. at 282. The supreme court held that “the failure to comply with the presuit requirements of the statute is not necessarily fatal to a plaintiffs claim so long as compliance is accomplished within the two-year limitations period provided for filing suit.” Id. at 283 (citation omitted). The Kukral court went on to say, “By the time presuit discovery was concluded, all requirements of the statute had been met and any potential prejudice to the defendants of having to defend against a frivolous suit had been eliminated.” Id. at 284 (emphasis added).
Exactly the same logic applies to the ten-business-day requirement for production of documents under section 766.204, Florida Statutes. The reason document production is required on a timely basis is so that the plaintiff can perform her pre-suit investigation. Assuming for purposes of discussion that the Hospital was late in providing the document copies (but the evidentiary record, as already stated, does not support the proposition that the Hospital was late), late compliance will not result in the striking of the Hospital’s statutory defenses absent a showing that the plaintiff has been prejudiced.
IV.
In sum, to strike the Hospital’s defenses under the medical malpractice screening statute, the plaintiff must:
1. Show a more than ten-business-day delay where the delay is attributable to the Hospital, and
2. Prejudice to the plaintiff.
Here, the plaintiff did not make the required showing and the trial court correctly ruled for the Hospital.
The question of how to interpret the records-production portion of the malpractice screening statute is a recurrent one. Rehearing en banc should be granted.
SCHWARTZ, C.J., and JORGENSON and SORONDO, JJ., concur.

. The plaintiff's records request at issue here was dated June 27, 1995, but clearly was not mailed on that date because it transmitted a records release authorization dated June 29, 1995. The hospital did not have a record of when it received this request.
The Hospital assembled the records, consisting of 2219 pages and sent them to the copy service on July 18, 1995. Allowing a reasonable time for the mailing of plaintiffs request the trial court could conclude that this took place within ten business days.
Upon receiving the records, the copy service immediately contacted plaintiff's counsel to advise them of the copying charge, which was in excess of $1,000. Plaintiff's paralegal responded that the copies should not be made until plaintiff authorized it.
The records custodian testified that authorization was not given until September 19, 1995, at which time the documents were copied, plaintiff paid, and the records were released. The copy service confirmed that upon receiving authorization, copying began immediately and the records were released as soon as plaintiff's counsel made payment. The plaintiff offered no contrary testimony.
Based on the evidence, the trial court could reasonably find that the hospital and copy service had acted promptly and that the delays on this copying request were attributable to the plaintiff.

. The "evidence of” part of the statute is neither quoted nor discussed in the panel opinion.