765 So.2d 942 (2000)
Osvaldo TAPIA-RUANO, et al., Appellants,
v.
Luis O. ALVAREZ, M.D., et al., Appellees.
No. 3D00-522.
District Court of Appeal of Florida, Third District.
August 30, 2000.
*943 Hillencamp & Alvarez, P.A., and Alex Alvarez, Miami, for appellant.
Stephens Lynn Klein, and Marlene S. Reiss, Miami, for appellee.
Before COPE, SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
Appellants/plaintiffs, Maria Gloria Estanillo and Osvaldo Tapia-Ruano, appeal the dismissal with prejudice of their medical malpractice complaint for failure to comply with the requirements of section 766.203, Florida Statutes (1997), because Estanillo did not provide appellees/defendants, Luis O. Alvarez, M.D. and Luis O. Alvarez, M.D., P.A., with a verified written medical expert opinion prior to the filing of their complaint. We affirm because Estanillo failed to comply with the presuit medical expert opinion requirement prior to the expiration of the limitations period for the filing of her cause of action.
Estanillo admits that she did not file a corroborating affidavit from a medical expert, but argues that pursuant to section 766.204, Florida Statutes (1997), such a requirement was waived. This statute requires that the medical records be provided upon request, and, under section 766.204(2), the failure to provide copies of such medical records "shall constitute evidence of failure of that party to comply with good faith discovery requirements and shall waive the requirement of written medical corroboration by the requesting party" (emphasis added). Estanillo, however, never made a request of Doctor Alvarez for any records. She relies on the failure of the co-defendant Palm Springs Hospital to provide medical records. We hold that the failure by the hospital to provide medical records cannot be imputed to Doctor Alvarez.
It is not disputed that the alleged medical malpractice occurred on August 12, 1996 and that Estanillo gave timely notice of intent to initiate litigation pursuant to section 766.101, et seq., Florida Statutes (1997), but she failed to provide the requisite medical expert opinion to corroborate reasonable grounds to support her claim for medical negligence.
On numerous occasions, Doctor Alvarez's insurance carrier notified Estanillo of the requisite corroborating expert opinion. At that time, Estanillo could have timely complied with the presuit medical expert opinion requirement as the statute of limitations had not yet expired. Estanillo admits that she never requested any medical records from Doctor Alvarez and she has not alleged that the failure to obtain the hospital records made it impossible for her to provide the corroborating affidavit. As in Royle v. Florida Hospital-East Orlando, 679 So.2d 1209, 1212 (Fla. 5th DCA 1996), Estanillo "did not lack the capabilities to comply with the statutory requirements but rather, she simply failed to follow the procedure set forth in the statute. Therefore, it was human failure, not the presuit requirements which [prevented *944 her]" from maintaining her cause of action in compliance with the medical malpractice statute.
Under the facts of this case, the failure by Palm Springs Hospital to provide the requisite medical records did not waive the written medical corroboration requirement as it relates to Doctor Alvarez. When Estanillo finally attempted to cure the defect, on June 14, 1999, the statute of limitations had expired six months prior. See Kukral v. Mekras, 679 So.2d 278 (Fla. 1996); Miami Physical Therapy Associates, Inc. v. Savage, 632 So.2d 114 (Fla. 3d DCA 1994); Tunner v. Foss, 655 So.2d 1151 (Fla. 5th DCA 1995). Thus, the trial court correctly dismissed Estanillo's complaint with prejudice.
Affirmed.