854 So.2d 276 (2003)
Irv COHEN, as husband and as the Personal Representative of the Estate of Claire Cohen, Appellant,
v.
WEST BOCA MEDICAL CENTER, INC., d/b/a "West Boca Medical Center", a Florida corporation, Tenet Healthsystems Hospitals, Inc., d/b/a "West Boca Medical Center", a foreign corporation, Bruce Wishnov, D.O., an individual; Palmetto Park Medical Associates P.A., a Florida Professional Association; Leslie Jacob, M.D., an individual; Gastroenterology & Advanced Endoscopy Consultants, P.A., a Florida Professional Association; Lawrence Manaker, M.D., an individual; Harari & Diskin, M.D., P.A., d/b/a Boca Emergency Medicine Specialists, a Florida Professional Association; and Diskin & Harari, M.D., P.A., d/b/a Boca Emergency Medicine Specialists, a Florida Professional Association, Appellees.
Nos. 4D02-712, 4D02-2175.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
*277 Marjorie Gadarian Graham, of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Brian J. Glick of Glick Law Offices, Boca Raton, for appellant.
Manuel R. Comras and A. Russell Bobo of Bobo Ciotoli Bocchino & Newman, North Palm Beach, for appellees Bruce Wishnov, D.O. & Palmetto Park Medical Associates, P.A.
David R. Cassetty of Restani, McAllister & Cassetty, P.A., Miami for appellees Leslie Jacob and Gastroenterology & Advanced Endoscopy Consultants, P.A.
KLEIN, J.
The trial court dismissed medical malpractice cases against two physicians and their professional associations because plaintiff failed to comply with the statutory presuit procedures. We affirm.
As to the claim against Dr. Wishnov, plaintiff sent the notice of intent to initiate medical malpractice litigation on May 8, 2001. Dr. Wishnov served plaintiff with informal discovery by questionnaire, and requested production of documents on May 21, 2001. On June 27, 2001, Wishnov's counsel faxed a letter to plaintiff's counsel asking when requested information would be received. On July 5, 2001 Wishnov's counsel mailed a letter again requesting responses to presuit discovery, and the letter indicated that his secretary had called twice leaving messages to that effect.
On August 3, 2001, Wishnov's counsel sent a certified letter denying the claim for failure to comply with presuit discovery requirements. On August 7, 2001, one day after the ninety day period provided by section 766.106, Florida Statutes (2000) expired, and the statute of limitations had run, plaintiff's counsel provided the information requested, with a cover letter acknowledging it was late. Plaintiff's counsel explained that he had assumed, because of an agreement for an extension with a lawyer for a different defendant, that he had additional time to provide the information to all defendants. The trial court found that plaintiff had unreasonably ignored requests for discovery and that plaintiff's counsel's belief that he had additional time was unreasonable and unsupported by the facts.
As to Dr. Jacob, the notice of intent was also sent on May 8, 2001. The notice was accompanied by an affidavit of a nurse, who was not a medical expert under the requirements of section 766.203(2)(b), Florida Statutes. As with Dr. Wishnov, Dr. Jacob's counsel requested the presuit information from time to time, but did not receive it until August 9, 2001, after the ninety day period had run. The trial court *278 found that plaintiff had unreasonably failed to provide presuit discovery and had failed to provide the required corroborating medical expert opinion.
Plaintiff first argues that the trial court should not have dismissed these claims without an evidentiary hearing. There was, however, a hearing, but Mr. Glick, plaintiff's counsel, did not avail himself of the opportunity to either testify or formally submit documentary evidence. He was willing to have the trial court consider the documents, all of which came from either his office or defense counsel's offices, and which contained everything on which the trial court's order was based.
Those documents contained Mr. Glick's explanation that he thought he did not have to comply with the ninety day period as to these two physicians because counsel for a different defendant had agreed to an extension of time. If Mr. Glick had wished to add to this explanation by testifying, he had the opportunity to do so, but apparently had nothing to add. We therefore reject this argument.
The primary argument advanced by plaintiff is that the defendants were not prejudiced and the trial court therefore abused its discretion. In all of the cases cited by plaintiff, however, such as Kukral v. Mekras, 679 So.2d 278 (Fla.1996) and Popps v. Foltz, 806 So.2d 583 (Fla. 4th DCA 2002), the statute of limitations had not run by the time the claimants had satisfied presuit requirements. As our supreme court explained in Kukral:
[F]ailure to comply with the presuit requirements of the statute is not necessarily fatal to a plaintiff's claim so long as compliance is accomplished within the two year limitations period provided for filing suit.
Kukral, 679 So.2d at 283; Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla.1990).
In the present case, the alleged malpractice and resulting death occurred in February 1999. In January 2001, plaintiff's counsel filed for the automatic ninety day extension of the two year statute of limitations in order to conduct presuit investigation. When plaintiff furnished the statutorily required information, the statute of limitations had run.
We therefore conclude that, because there was no reasonable explanation for plaintiff's failure to comply with the presuit requirements, dismissal was proper. Tapia-Ruano v. Alvarez, 765 So.2d 942 (Fla. 3d DCA 2000)(affirming dismissal where statute of limitations had run and plaintiff provided no reason for failure to comply with the presuit requirements); Royle v. Florida Hospital-East Orlando, 679 So.2d 1209 (Fla. 5th DCA 1996)(same).
Affirmed.
GUNTHER and TAYLOR, JJ., concur.