947 So.2d 476 (2006)
ARCH PLAZA, INC.; Hebrew Homes Health Network, Inc.; Hebrew Homes Health Network Foundation, Inc.; and Hebrew Homes Management Services, Inc., Petitioners,
v.
Bruce PERPALL, as Personal Representative of the Estate of Roseann Perpall, deceased, Respondent.
No. 3D06-1344.
District Court of Appeal of Florida, Third District.
November 8, 2006.
Rehearing Denied February 13, 2007.
Freud & Schwartz, Miami, and Michael J. Schwartz, Tallahassee, for petitioners.
Goldfarb & Gold, Miami, and Belinda A. Paris, for respondent.
*477 Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
In this petition for writ of certiorari, Arch Plaza, Inc.; Hebrew Homes Health Network, Inc.; Hebrew Homes Health Network Foundation, Inc.; and Hebrew Homes Management Services, Inc. (collectively referred to as "Petitioners"), seek to quash the trial court's order denying their motion to dismiss a wrongful death action filed against them and Arch Creek Nursing Home, Inc. ("Arch Creek Nursing Home"), by Bruce Perpall, as personal representative of the estate of Roseann Perpall ("Respondent"), based upon the Respondent's failure to comply with the pre-suit notice requirements of section 400.0233, Florida Statutes (2004).
Roseann Perpall ("Mrs. Perpall"), a resident of Arch Creek Nursing Home, died while under the nursing home's care. The Respondent, in accordance with section 400.0233(2), Florida Statutes, timely served Arch Creek Nursing Home with pre-suit notice of his intent to initiate a lawsuit against it for the wrongful death of Mrs. Perpall. The pre-suit notice was addressed solely to Arch Creek Nursing Home. Thereafter, the Respondent filed a wrongful death complaint against Arch Creek Nursing Home and the Petitioners, based upon violations of Mrs. Perpall's nursing home resident's rights and negligence under chapter 400 of the Florida Statutes.
The Petitioners moved to dismiss the complaint, arguing that the Respondent, by notifying only Arch Creek Nursing Home of the intended lawsuit, failed to comply with the mandatory pre-suit notice requirement of section 400.0233(2), which requires that the Respondent "notify each prospective defendant by certified mail, return receipt requested, of an asserted violation of a resident's rights provided in s. 400.022 or deviation from the standard of care." Additionally, the Petitioners argued that dismissal was warranted due to the Respondent's failure to give each of them the mandatory pre-suit notice prior to the running of the two-year statute of limitations.
In response, the Respondent argued that by sending the pre-suit notice to Arch Creek Nursing Home, he had complied with the pre-suit notice requirements as to all five-named defendants since (1) Arch Creek Nursing Home was sold to Arch Plaza, Inc. prior to Mrs. Perpall's admission to the nursing home and are thus, the same entity; and (2) Arch Creek Nursing Home, Arch Plaza, Inc., and the other three-named defendants are all owned by the same person, Russell Galbut, have the same registered agent, and have the same registered principal place of business. The Respondent asserted that pre-suit notice pursuant to section 400.0233(2) of the nursing home statute is analogous to section 766.106(2), Florida Statutes, the medical malpractice pre-suit notice provision, and therefore, Florida Rule of Civil Procedure 1.650, which specifies that medical malpractice pre-suit notice to any prospective defendant operates as notice to any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice, applies. He argued that since Arch Creek Nursing Home received pre-suit notice and the Petitioners bear a legal relationship to Arch Creek Nursing Home, notice to Arch Creek Nursing Home operates as notice to the Petitioners.
The trial court, in denying the Petitioners' motion to dismiss, agreed with the Respondent's reasoning, and concluded that since

*478 [i]t appears that Russell Galbut was the owner of the business formerly known as Arch Creek Nursing Home, Inc., at the time notice was sent pursuant to Florida Statute 400.0233 as well as the Director of each of the named corporations[,] [i]t would appear to this court that each of the business entities was put on notice of the claim.
In the instant petition for writ of certiorari, the Petitioners claim that the trial court departed from the essential requirements of the law in (1) denying their motion to dismiss and (2) relying on the law pertaining to the medical malpractice pre-suit notice requirements and on Florida Rule of Civil Procedure 1.650 when it interpreted the pre-suit notice requirements of chapter 400 of the Florida Statutes. We must, therefore, determine whether pre-suit notice to a prospective defendant pursuant to section 400.0233(2), the nursing home statute, should be treated similarly to section 766.106(2), the medical malpractice pre-suit notice statute, which according to Florida Rule of Civil Procedure 1.650, shall operate as notice to any other prospective defendant who bears a legal relationship to the prospective defendant receiving notice.
The medical malpractice pre-suit notice requirement, found in section 766.106(2), Florida Statutes (2004), specifies that:
[P]rior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence.
§ 766.106(2), Fla. Stat. (2004) (emphasis added). Florida Rule of Civil Procedure 1.650 expands pre-suit notice to a prospective defendant regarding claims of medical malpractice, to operate as notice to that defendant and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice. Florida Rule of Civil Procedure 1.650 states:
(a) Scope of Rule. This rule applies only to the procedures prescribed by section 766.106, Florida Statutes, for presuit screening of claims for medical malpractice.
(b) Notice.
(1) Notice of intent to initiate litigation sent by certified mail to and received by any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice. The notice shall make the recipient a party to the proceeding under this rule.
Fla. R. Civ. P. 1.650(a), (b)(1); see also Kukral v. Mekras, 679 So.2d 278, 285 (Fla.1996)(holding that since non-noticed defendant bears a legal relationship to the prospective defendant who received pre-suit notice, separate notice to the non-noticed defendant was not necessary).
The policy underlying the medical malpractice pre-suit statutory scheme is "to require the parties to engage in meaningful presuit investigation, discovery, and negotiations, thereby screening out frivolous lawsuits and defenses and encouraging the early determination and prompt resolution of claims." Univ. of Miami v. Wilson, 31 Fla. L. Weekly D1682, ___ So.2d ___, 2006 WL 1687685 (Fla. 3d DCA June 21, 2006); see also Kukral, 679 So.2d at 280 (specifying that section 766.106(2) "was intended to address a legitimate legislative policy decision relating to medical malpractice and established a process intended to promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding").
Florida courts have consistently construed the medical malpractice pre-suit statutory scheme "liberally so as not to *479 unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses." Kukral, 679 So.2d at 284; Wilson, 31 Fla. L. Weekly at 1683, ___ So.2d. at ___; Apostolico, 871 So.2d at 286. "Presuit notice and screening requirements are `not intended to deny access to the courts on basis of technicalities.'" Apostolico, 871 So.2d at 286 (quoting Fort Walton Beach Med. Ctr., Inc. v. Dingler, 697 So.2d 575, 579 (Fla. 1st DCA 1997)). The pre-suit notice and screening statute should instead be construed in a manner that favors access to the courts. Consequently, in interpreting the pre-suit notice requirements of section 400.0233 we must not unduly restrict the access to the courts guaranteed by the Florida Constitution in carrying out the legislative purpose of screening out frivolous lawsuits.
The policy underlying the pre-suit notice requirement of section 400.0233(2), to require the parties to engage in meaningful pre-suit investigation so as to avoid frivolous lawsuits and to encourage early settlement, is the same as the policy considerations of the medical malpractice pre-suit notice provision. See Senate Staff Analysis and Economic Impact Statement, Long-Term Care, S.B. 1202, 2001 Sess., at 3 (Fla.2001); see also Thompson v. Kindred Nursing Ctrs. East, LLC, 211 F.Supp.2d 1345, 1355 (M.D.Fla.2002) ("[T]he overall intent of the Florida legislature in requiring the pre-suit conditions in Fla. Stat. § 400.0233(2) . . . appears to be a desire for a reasonable investigation giving rise to a good-faith belief that grounds exist for the claim so as to avoid frivolous lawsuits. . . . ").
Both sections 400.0233(2) and 766.106(2), Florida Statutes, are worded substantially the same. Section 400.0233(2), Florida Statutes (2004), states:
Prior to filing a claim for a violation of a resident's rights or a claim for negligence, a claimant alleging injury to or the death of a resident shall notify each prospective defendant by certified mail, return receipt requested, of an asserted violation of a resident's rights provided in s. 400.022 or deviation from the standard of care.
§ 400.0233(2), Fla. Stat. (2004) (emphasis added). Section 766.106(2) states that:
[P]rior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence.
§ 766.106(2), Fla. Stat. (2004) (emphasis added).
Because both section 400.0233(2), the nursing home pre-suit notice provision, and section 766.106(2), the medical malpractice pre-suit notice provision, (1) are worded substantially the same; (2) have the same purpose and policy considerations, to allow pre-suit screening so as to avoid frivolous lawsuits and to promote pre-suit settlement; and (3) neither statute's intent is to deny access to the courts or to unduly restrict a Florida citizen's constitutionally guaranteed access to the courts, we conclude that the trial court properly analogized the medical malpractice pre-suit statutory scheme and Florida Rule of Civil Procedure 1.650 in interpreting the pre-suit notice requirements of section 400.0233.
We therefore conclude that pre-suit notice under section 400.0233(2) to any prospective defendant operates as notice to any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice. Consequently, as the Petitioners bear a legal relationship *480 to the defendant receiving pre-suit notice, Arch Creek Nursing Home, the Respondent properly complied with the pre-suit notice requirement of section 400.0233(2) and the Petitioners' motion to dismiss was properly denied. As we have concluded that notice to Arch Creek Nursing Home operated as notice to the Petitioners, the statute of limitations is not implicated as notice was well within the time provided.
Petition denied.