LAGOA, Judge.
Barbara Ann Thomas-Robinson, as personal representative of the Estate of Leroy Lawrence, and Traci Cooper, as legal parent and guardian of Trevor Lawrence (collectively “Appellants”), appeal from an order dismissing a medical malpractice complaint for failure to comply with the presuit discovery requirements of Section 766.106, Florida Statutes (2006). Because we find that Appellee, Dr. Joseph Scott, was not prejudiced, we reverse.
I. FACTUAL AND PROCEDURAL BACKGROUND
On September 21, 2003, counsel for Appellants served Dr. Scott with a notice of intent to initiate litigation for medical malpractice and enclosed with the letter the verified medical expert opinion of Dr. Thomas Geoffrey Folk (“Folk affidavit”).[1] On October 16, 2003, Dr. Scott’s insurer *1092 acknowledged receipt of the notice of intent and propounded informal presuit discovery requests seeking both production of documents and answers to liability and damages questions. In a November 6, 2003 letter, Dr. Scott’s insurer informed counsel for Appellants that the medical malpractice claim was denied.[2]
On February 13, 2004, Appellants initiated suit. On August 25, 2005, Dr. Scott filed a motion to dismiss the amended complaint arguing that Appellants failed to provide presuit discovery pursuant to Florida Statute 766.106(6). In a written order, the trial court granted the motion, finding “that plaintiff failed to comply with presuit discovery.” There was no finding made by the trial court of prejudice to Defendant resulting from Plaintiffs failure. This appeal ensued.
II. REQUIREMENTS OF SECTION 766.106
Chapter 766, Florida Statutes (2005), “sets out a complex presuit investigation procedure that both the claimant and defendant must follow before a medical negligence claim may be brought in court.” Kukral v. Mekras, 679 So.2d 278, 280 (Fla.1996). The policy underlying the medical malpractice statutory scheme is to require the parties to engage in meaningful presuit investigation, discovery, and negotiations, thereby screening out frivolous lawsuits and defenses and encouraging the early determination and prompt resolution of claims. Id. at 284.
Section 766.106(3)(a) provides a defendant or the defendant’s insurer with a ninety-day presuit investigation period. During this ninety-day period, the claimant may not file suit. See § 766.106(3)(a). “Upon receipt by a prospective defendant of a notice of claim, the parties shall' make discoverable information available without formal discovery. Failure to do so is grounds for dismissal of claims or defenses ultimately asserted.” See § 766.106(6)(a). Additionally, section 766.106(7), Florida Statutes (2006), provides that “[f]ailure to cooperate on the part of any party during the presuit investigation may be grounds to strike any claim made, or defense raised, by such party in suit.” (emphasis added). At or before the expiration of the ninety-day presuit investigation period, the defendant or the defendant’s insurer must provide the claimant with one of the following three options: (1) reject the claim; (2) make a settlement offer; or (3) admit liability and submit to arbitration on damages. See § 766.106(3)(b).
III. ANALYSIS
On appeal, Appellants argue that the trial court abused its discretion in dismissing the amended complaint as Dr. Scott was not prejudiced by the failure to comply with the presuit discovery. We agree, based on the Florida Supreme Court’s opinion in Kukral, and this Court’s opinion in De La Torre v. Orta, 785 So.2d 553 (Fla. 3d DCA 2001). In Kukral, the Florida Supreme Court stated that “the medical malpractice statutory scheme *1093 must be interpreted liberally so as not to unduly restrict a Florida citizen’s constitutionally guaranteed access to the courts, while at the same time carrying out the legislative policy of screening out frivolous lawsuits and defenses.” 679 So.2d at 284.
In the present case, as in Kukrnl and De La Torre, “the policy of enforcing the statute must be weighed against the right of access to courts. It is well recognized in Florida law that dismissal of claims or defenses is an extreme sanction which should be used sparingly.” De La Torre, 785 So.2d at 555. Additionally, “the question of what sanction to impose depends on the circumstances of the case, including the question of what prejudice has been suffered.” De La Torre, 785 So.2d at 556.
In De La Torre, the defendant physician failed to respond to the presuit request for records or a notice of intent because he incorrectly assumed that the claim was barred by the statute of limitations. Id. at 554. The trial court struck his defenses, and this Court reversed holding that the sanction of striking the doctor’s defenses for failure to timely respond to presuit discovery was too harsh a remedy in the absence of prejudice to the plaintiff. Id. at 555-57. See also, Vincent v. Kaufman, 855 So.2d 1153 (Fla. 4th DCA 2003) (plaintiffs failure to provide presuit discovery within ninety-day period did not warrant dismissal of complaint as defendant physician suffered no prejudice).
Here, the trial court made no finding of prejudice prior to dismissing Appellants’ amended complaint against Dr. Scott. Such a finding, however, is required by both Kukrál and De La Torre in order to support this sanction. Moreover, in light of Kukral we find Dr. Scott was not prejudiced by Appellants’ failure to provide pre-suit discovery. First, the record establishes that Dr. Scott’s expert, Dr. Kareff, reviewed most, if not all, of the same documents utilized by Dr. Folk in rendering his expert opinion on Appellants’ behalf. Second, the November 6, 2003, letter from Dr. Scott’s insurer denying the medical malpractice claim explicitly and unequivocally states the claim was denied after reviewing “all available medical records and conducting a thorough investigation.” No qualification to this denial was made based on the inability to obtain some or all records during the insurer’s investigation.[3] “The purpose of the presuit requirement is to allow a potential defendant to investigate a claim and to encourage settlement prior to costly and time-consuming litigation.” University of Miami v. Wilson, 948 So.2d 774, 778-79 (Fla. 3d DCA 2006). The record before us contains no evidence that Appellants’ failure to provide presuit discovery prevented Dr. Scott from investigating the claim, assessing potential liability and choosing whether or not to enter into settlement negotiations or admit liability and submit to arbitration on damages.
Accordingly, we reverse the trial court’s order and remand for further proceedings consistent with this Opinion.

. The Folk affidavit contained Folk’s opinion on how Dr. Scott deviated from the medical standards of care in treating Leroy Lawrence.

. The November 6, 2003 letter stated in pertinent part:
We have reviewed all available medical records and conducted a thorough investigation with reference to the captioned matter. As such, we did not find any evidence that Joseph Austin Scott, M.D. deviated from the standard of care and/or caused or contributed to the alleged injuries of Leroy Lawrence. Therefore, on behalf of Dr. Scott, we respectfully deny your claim.
Enclosed please find Dr. Kareff’s verified medical expert opinion pursuant to chapter 766, Florida Statutes. Dr. Kareffs opinion corroborates the lack of reasonable ground to support a claim of medical negligence or negligent injury against Dr. Scott.

. This is in contrast to co-defendant South Miami Hospital ("SMH”). At the conclusion of the ninety-day period, Appellants failed to respond to SMH's presuit discovery requests even though SMH wrote to Appellants on three separate occasions regarding the need for the responses. In dismissing the amended complaint against SMH, the trial court specifically found prejudice, stating that as a result of the plaintiffs' failure to respond to presuit discovery SMH "was not in a position to evaluate the claim prior to the conclusion of the presuit period.” Here, the record establishes that Dr. Scott, unlike SMH, was able to evaluate the claim — and unequivocally deny it — at the conclusion of the ninety-day period.