ON MOTION FOR REHEARING
FARMER, Judge.
We withdraw our previous opinion and substitute the following. In light of this opinion, we deny the motion for rehearing.
This is an appeal of a summary judgment finding that appellant’s medical malpractice cause of action was barred by the statute of limitations. § 95.11(4)(b), Fla.Stat. (1989). We distinguish this case from the recent supreme court decisions in University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991), and Barron v. Shapiro, 565 So.2d 1319 (Fla.1990). Unlike the facts in Bogorff and Barron, there is a factual dispute in this case as to when the plaintiff learned of her injury.
Defendant argues that she discovered the fact of her injury by June 1986 when she applied for social security benefits. She testified, however, that while she knew she had problems at that early date, given her prior medical history and representations made by the defendant’s staff, she believed her condition to be a normal and expected consequence of her treatment.
Holl v. Talcott, 191 So.2d 40 (Fla.1966), requires that the party moving for summary judgment show conclusively the absence of any genuine issue of material fact. In Barron and Bogorff the defendants were able to show a clear lack of dispute as to when plaintiffs discovered the fact of the injuries from the treatment; plaintiffs had attempted to show that the discovery of negligence occurred long after the discovery of the fact of injury. In Barron the court held that it was the discovery of an injury alone that triggered the statute of limitations. That is surely the law, but in our case the facts are not nearly so crystallized as to when plaintiff discovered the fact of injury. See Moore v. Morris, 475 So.2d 666 (Fla.1985).
The controversy surrounding what plaintiff knew, and when, creates an issue of fact. The rule is so often stated that it hardly merits reprinting; if the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove *602 the issues, it should be submitted to the jury as a question of fact to be determined by it. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). It may well be that a jury will find, after reviewing all of the evidence, that plaintiff had notice of her injury within the meaning of Section 95.11(4)(b) Florida Statutes. Nonetheless, as an appellate court reviewing a grant of summary judgment, we content ourselves with determining only that factual issues exist.
We reverse so that plaintiff can offer evidence of her claim to a jury.
REVERSED.
STONE, J„ and WALDEN, JAMES, H„ Senior Judge, concur.