629 So.2d 998 (1993)
Nettie STEIN and Arthur Stein, Appellants.
v.
Jeffrey FEINGOLD, (Dr.) and Morton Reiss, D.D.S., Appellees.
No. 92-2404.
District Court of Appeal of Florida, Third District.
December 28, 1993.
Lee H. Schillinger, Hollywood, for appellants.
Walton, Lantaff, Schroeder & Carson and Robert L. Teitler, Wolpe, Leibowitz, Berger & Brotman and Bradley H. Trushin, Miami, for appellees.
Before BARKDULL, JORGENSON and LEVY, JJ.
BARKDULL, Judge.
A medical practitioner, Feingold, through an associate, Reiss, rendered medical services *999 to Stein. Feingold thereafter sued Stein for the balance of a bill for services rendered. Stein filed a compulsory counterclaim alleging negligence in the medical services performed by the agent, and filed a third party claim against the associate Reiss for the same negligence. At the time of the filing of the third party claim Stein also filed notices of intent to suit as to both doctors. She later filed a supporting affidavit of an independent medical practitioner as to the negligence. The trial court granted a summary judgment to the medical provider on the compulsory counterclaim, and granted the associate's motion to dismiss as to the third party action. We reverse.
There is no statute of limitation defense as to a compulsory counterclaim, Johnson v. Allen, 621 So.2d 507 (Fla. 2d DCA 1993); Allie v. Ionata, 503 So.2d 1237 (Fla. 1987), second, even if such a defense was available there is a disputed question of material fact as to when the patient actually learned of the malpractice, Tanner v. Hartog, 618 So.2d 177 (Fla. 1993); Kahler v. Kent, 616 So.2d 601 (Fla. 4th DCA 1993), and third, the affidavit of the independent expert was timely filed when the initial complaint was timely. Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA 1992), rev. denied, 604 So.2d 487 (Fla. 1992); Hospital Corp. of America v. Lindberg, 571 So.2d 446 (Fla. 1990). Under at least one view of the facts, the initial third party complaint was within the statute of limitation period. Kahler v. Kent, supra. Therefore the compulsory counterclaim and third party claim should not have been disposed upon grounds of failure to timely file a notice of claim or intent to suit, on the affidavit of the independent medical examiner. Johnson v. Allen, supra; Allie v. Ionata, supra.
Therefore we reverse the summary judgment as to Dr. Feingold and the motion to dismiss the third party claim as to Dr. Reiss and return the matter to the trial court for further proceedings not inconsistent with this opinion.
Reversed and remanded with directions.