634 So.2d 217 (1994)
Julieta SUAREZ, Appellant,
v.
ST. JOSEPH'S HOSPITAL, INC., a Florida Corporation, Appellee.
No. 93-02074.
District Court of Appeal of Florida, Second District.
March 23, 1994.
Michael S. Reeser, Bugg, Dayton & Reeser, P.A., Clearwater, for appellant.
T. Paine Kelly, Jr. and Thomas Michael Hoeler, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for appellee.
*218 CAMPBELL, Judge.
Appellant, Julieta Suarez, seeks review of the final judgment that dismissed her negligence action against appellee, St. Joseph's Hospital, Inc., for failing to follow the medical malpractice presuit screening procedures contained in chapter 766, Florida Statutes (1989). We reverse and remand because we conclude that St. Josephs' motion to dismiss should have been granted, if at all, with the right for Suarez to amend her pleadings and attempt compliance with section 766.203(2)(b), Florida Statutes (1989).
St. Joseph's moved to dismiss on the following three grounds: (1) Suarez's failure to submit to St. Joseph's the verified, written, medical expert opinion as required by section 766.203(2)(b); (2) the failure of the unverified medical opinion submitted to St. Joseph's to specify whether any previous opinion by the same medical expert had been disqualified and, if so, the name of the court and the case number in which the ruling was issued; and (3) the failure of the complaint to contain a certificate of counsel that a reasonable investigation gave rise to a good faith belief that grounds exist for an action against St. Joseph's. In granting St. Josephs' motion to dismiss, the court stated:
And it appearing to the Court that the period of the statute of limitations for this action has expired, and that it is too late for Plaintiff to comply with the pre-suit screening statutes of the State of Florida governing actions for medical malpractice, that Final Judgment be, and the same is hereby, entered in favor of the Defendant, ST. JOSEPH'S HOSPITAL, INC., a corporation not-for-profit of Florida, and against the Plaintiff, JULIETA SUAREZ, and that said Defendant go hence without day and without assessment of costs against Plaintiff.
Among other things, the chapter 766 presuit screening procedures for medical negligence require the attorney who is filing the action to make a reasonable investigation to ensure that there are "grounds for a good faith belief that there has been negligence," and to include a certificate to that effect in the complaint. § 766.104(1), Fla. Stat. (1989). This good faith belief may be shown by the written medical opinion of an expert that there "appears to be evidence of medical negligence." Id. As additional corroboration, the claimant must submit to the defendant, along with the notice of intent to initiate litigation, a verified written medical expert opinion that reasonable grounds for the action exist. § 766.203(2)(b).
Suarez's complaint, filed June 10, 1992, and signed by her counsel, alleged essentially that St. Joseph's was negligent in failing to properly safeguard Suarez after admitting her to the hospital because, while awaiting diagnostic procedures, she fell from a stretcher or examining table and fractured her hip.
In addition to the allegations of negligence, the complaint contained the following paragraphs:
3. All conditions precedent as set forth in Chapter 766 and 768, Florida Statutes, for the filing of a medical malpractice action have been complied with, including but not limited to service of a Notice to Initiate Litigation and written medical expert opinion, copies of which are attached hereto as composite Exhibit A and B, respectively.
... .
14. The undersigned attorneys have made a reasonable investigation as permitted by the circumstances and have determined that there are grounds for a good faith belief that there has been negligence in the care and treatment of the Plaintiff by the Defendant.
Exhibit B, attached to the complaint, was a letter from Dr. David R. Lehrer of St. Petersburg to Suarez's attorney, stating as follows:
At your request, I have reviewed the medical records from St. Joseph's Hospital, Tampa, Florida, for Julieta M. Suarez, of 2109 Two Lakes Road, Apt. T1, Tampa, Florida, relative to her admission to that facility of November 11, 1990. The records indicate that Mrs. Suarez was seen in the hospital emergency room on that date complaining of left shoulder pain radiating down the left arm and lateral aspect. She was admitted directly to the hospital from the emergency room. While left unattended *219 and apparently unrestrained on a stretcher, she was permitted to fall resulting in a fractured right hip, which necessitated extensive surgical procedures. The patient subsequently had complications from such surgery which extended her hospitalization and required further medical treatment thereafter.
Based upon my review of the file, I believe that there are reasonable grounds to believe that St. Joseph's Hospital was negligent in the care and treatment of Julieta Suarez and that such negligence resulted in injury to her.
I am a physician duly and regularly engaged in the practice of medicine and I hold a degree of Doctor of Medicine from Ohio State School of Medicine, Ohio State University, and I have had special professional training and experience. I understand that this opinion will be used by you on Mrs. Suarez's behalf as part of the presuit investigation for medical negligence claims in accordance with § 766.203, Florida Statutes.
We conclude that the statements in paragraph fourteen of Suarez's complaint, together with the other allegations of the complaint and Dr. Lehrer's written opinion, attached as Exhibit B, adequately comply with the section 766.104(1) requirements that the attorney certify that a reasonable investigation has been made to ensure grounds for a good faith belief that there is evidence of medical negligence.
The primary thrust of St. Josephs' motion to dismiss, however, was assertion that the medical opinion was not properly verified. Although the letter that was attached to the complaint was intended to constitute the expert medical opinion required by section 766.203(2)(b), it was not verified as required. However, eight months before the hearing on St. Josephs' motion to dismiss, Suarez's counsel filed Dr. Lehrer's signed affidavit, which read as follows:
Before me, the undersigned Notary Public, personally appeared David R. Lehrer, M.D., who by me being first duly sworn or affirmed, says:
1. That he is a physician duly licensed by the State of Florida.
2. That he hereby verifies that he rendered and signed the opinion in regard to this matter dated July 11, 1991, a copy of which is attached hereto and incorporated herein by reference.
3. That no previous opinion rendered by him has been disqualified.
Further affiant says not.
St. Joseph's argues vigorously that this affidavit does not meet the verification requirements of section 766.203(2), which provides, in pertinent part:
Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert as defined in s. 766.202(5), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.
While the medical opinion was not verified at the time the Notice of Intent to Initiate Litigation and the complaint were filed, that, in itself, is not fatal if compliance is secured prior to the expiration of the appropriate statute of limitation. See Ragoonanan v. Assocs. in Obstetrics & Gynecology, 619 So.2d 482 (Fla. 2d DCA 1993); Stein v. Feingold, 629 So.2d 998 (Fla. 3d DCA 1993); Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA 1992), rev. denied, 604 So.2d 487 (Fla. 1992). There is no contention that Dr. Lehrer's affidavit was not timely. Rather, St. Joseph's argues that the affidavit was not sufficient verification of the merits of Dr. Lehrer's medical opinion, but was merely a verification that he had in fact rendered the opinion. While Dr. Lehrer's affidavit could be construed in such a fashion, we conclude that the best construction of that affidavit is that he was in fact attempting to verify the merits of the opinion. In the affidavit, Dr. Lehrer not only verifies that he rendered and signed the opinion, but attaches the opinion and incorporates it by reference into the affidavit. If there was any doubt as to the sufficiency and intent of the verification of Dr. Lehrer's medical opinions, St. Joseph's could have moved to resolve that issue under section 766.206(1) or, in the alternative, Suarez *220 should have been given leave to amend. Dismissal without leave to amend after the statute of limitation had expired was too severe a remedy. See Ragoonanan.
Accordingly, we reverse and remand with instructions that Suarez be allowed to amend in order to remove any deficiency that may continue to be perceived in regard to Dr. Lehrer's verification.
DANAHY, C.J., and SCHOONOVER, J., concur.