658 So.2d 625 (1995)
Rita WINSON, Appellant,
v.
Harold G. NORMAN, M.D. and Coral Gables Plastic Surgery Associates  Harold G. Norman, Jr., M.D., P.A., Appellees.
No. 94-1676.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Rehearing Denied August 23, 1995.
*626 Arnold R. Ginsberg and Lisa L. Fialkow, Miami, for appellant.
George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
In this "breast implant" action brought against, among others, the appellant's physician, we hold that the trial court correctly determined that the alleged expert who executed the verified written opinion in attempted compliance with the pre-suit screening requirements of sections 766.202(5), 766.203(2)(b), Florida Statutes (1993) was not "duly and regularly engaged in the practice of his profession," as defined by section 766.202(5). The doctor in question had not been engaged in the actual practice for more than a decade prior and had apparently confined his recent professional activities to acting as a "litigation expert"  on behalf of plaintiffs  in cases such as this one. Since one of the primary thrusts of Florida's statutory medical malpractice scheme is to "weed out" cases which are not, even prima facie, supported by some reliable independent indication of their merits, see, e.g., Ingersoll v. Hoffman, 589 So.2d 223 (Fla. 1991); Ragoonanan v. Associates in Obstetrics & Gynecology, 619 So.2d 482 (Fla. 2d DCA 1993), it is clear that the affidavit in question was properly stricken and, since the statute of limitations has run, that the action as against the physician was properly dismissed. Cf. Suarez v. St. Joseph's Hosp., Inc., 634 So.2d 217 (Fla. 2d DCA 1994).
Affirmed.