659 So.2d 1265 (1995)
Rosa GONZALEZ MIELES, Appellant,
v.
SOUTH MIAMI HOSPITAL, Appellee.
No. 94-1762.
District Court of Appeal of Florida, Third District.
August 30, 1995.
Roy D. Wasson; Roberto Villasante, Miami, for appellant.
Troutman, Williams, Irvin, Green & Helms, Kissimmee, for the Academy of Fla. Trial Lawyers, as amicus curiae.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane and Shelley Leinicke, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
Rosa Gonzalez Mieles appeals an order granting South Miami Hospital's motion to dismiss her medical malpractice complaint. We reverse.
Prior to filing her malpractice claim against South Miami Hospital, Mieles served her Notice of Intent upon the hospital as required by section 766.106, Florida Statutes (1993). Attached was a "Verified Written Medical Expert Opinion" executed by Dr. Andres Vega, M.D., a physician licensed to practice in the state of Florida and certified by the American Board of Anesthesiology. The last paragraph of Dr. Vega's written opinion stated: "Under penalties of perjury I declare that I have read the foregoing verified written medical expert opinion pursuant to section 766.203, Florida Statutes and that the facts stated are true to the best of [my] knowledge and belief." After Mieles filed her action, the hospital moved to dismiss, claiming that because Dr. Vega's expert opinion was not sworn to or notarized, it was not "verified" within the meaning of the statute. An agreed order was entered requiring Mieles to submit a sworn corroborating affidavit by a date certain. When Mieles failed to timely do so, the hospital again moved to dismiss. Before the hearing on the second motion to dismiss, but six weeks after the filing deadline in the trial court's order, Mieles filed another copy of the original medical opinion, but this time with the addition of a notarization. The hospital again moved to dismiss. Based on Mieles' late filing, the trial court granted the hospital's third motion and dismissed the action.
At issue is whether the trial court erred in dismissing Mieles' complaint based on the *1266 untimeliness of the notarized medical opinion, where a timely filed non-notarized medical opinion had substantially complied with the statutory meaning of the word "verified."
Section 766.203, Florida Statutes (1993), requires that during presuit investigation a claimant must submit a verified written medical expert opinion to corroborate that there are reasonable grounds to initiate the medical negligence litigation. The language of the statute makes no mention of notarization, the requirement being verification. Section 92.525, Florida Statutes (1993), sets forth the legal requirements for verification of documents. That statute provides that verification may be accomplished by either an oath taken before an officer authorized to administer oaths, such as a notary, or by the signing of the written declaration prescribed in section 92.525(2), Florida Statutes (1993), which provides:
A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true," followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words "to the best of my knowledge and belief" may be added. The written declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.
Section 92.525(4)(c) further provides:
The requirement that a document be verified means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words to that import or effect.
We conclude that Dr. Vega's signed declaration, using the language set forth in section 92.525, substantially complies with the verification requirement of section 766.203, and was permissible when initially and timely filed, therefore making immaterial the subsequent late filing of the notarized copy of the doctor's opinion. See State, Dept. of Highway Safety and Motor Vehicles v. Padilla, 629 So.2d 180 (Fla. 3d DCA 1993), review denied, 639 So.2d 980 (Fla. 1994).
Accordingly, we reverse the order dismissing the complaint and remand for further proceedings.