673 So.2d 871 (1995)
Antoinette FABER and Robert Faber, her husband, Appellants,
v.
Dr. Gerald C. WROBEL, M.D.; Associates In Orthopaedics, P.A., a Florida corporation; Dr. James Huddleston, M.D., Manuel M. Pena, M.D., P.A., a Florida corporation; and Manuel M. Pena, M.D., Appellees.
No. 94-02354.
District Court of Appeal of Florida, Second District.
December 6, 1995.
Rehearings Denied January 25, 1996.
David F. Garber, Naples, for Appellants.
James G. Decker and Eugene H. Smith of Decker & Smith, Fort Myers, for Appellees Wrobel and Associates in Orthopaedics, P.A.
Diaz & Morel-Saruski, P.A., Coral Gables; and Bambi G. Blum of Anderson & Blum, P.A., Miami, for Appellee Huddleston.
Eugene L. Ciotoli and Armando T. Lauritano of Bobo, Spicer, Ciotoli, Fulford, Bocchino, Weidner, Debevois & LeClainche, P.A., West Palm Beach, for Appellees Pena, P.A., and Pena.
BLUE, Judge.
Antoinette and Robert Faber appeal the final judgment dismissing their medical malpractice complaint for failure to comply with the presuit screening requirements. The dismissal occurred after the circuit court ruled that the Fabers' medical expert was not qualified to render the opinion that accompanied their notice of intent to initiate medical malpractice litigation. Because the expert was qualified under the relevant statutory provision, we reverse.
Antoinette Faber fractured her left heel and received medical treatment from the defendant doctors. She eventually consulted an attorney for assistance in determining whether a malpractice suit existed. Her attorney obtained a verified written medical expert opinion from Dr. Richard Gardner stating that the treating physicians were negligent in their care of Mrs. Faber. Pursuant to section 766.106, Florida Statutes (1991), a notice of intent to initiate litigation for medical malpractice was sent to the defendants. In accordance with section 766.203(2)(b), Dr. Gardner's opinion was provided with the notice of intent. The Fabers subsequently filed their complaint.
The defendants filed separate motions to dismiss the complaint, alleging, among other *872 grounds, that the Fabers' notice of intent failed to provide a verified written medical opinion from a medical expert qualified pursuant to section 766.202(5). The motions alleged that Dr. Gardner was not properly qualified because he had been disqualified as an expert witness a minimum of nine times. Following a hearing, the trial court determined that Dr. Gardner was not a qualified medical expert and therefore the notice of intent was not in compliance with the reasonable investigation requirements of sections 766.201-766.212. Pursuant to section 766.206(2),[1] the motions to dismiss were granted. Because the statute of limitations had expired, the dismissal was with prejudice.
This appeal examines the standard applicable to the disqualification of the corroborating expert's opinion in the medical malpractice presuit screening process. "A trial court's decision on the qualifications of an expert is ordinarily conclusive, and entitled to great weight on appeal, unless it is shown that the trial court applied erroneous legal principles in arriving at its decision." Mathieu v. Schnitzer, 559 So.2d 1244, 1245 (Fla. 4th DCA 1990) (quoting Lake Hospital and Clinic, Inc. v. Silversmith, 551 So.2d 538, 545 (Fla. 4th DCA 1989)). Accordingly, this court's review is limited to whether the trial court applied the correct legal principles in determining that Dr. Gardner was not a qualified medical expert as defined in section 766.202(5).
Section 766.202(5) defines a medical expert as:
[a] person duly and regularly engaged in the practice of his profession who holds a health care professional degree from a university or college and has had special professional training and experience or one possessed of special health care knowledge or skill about the subject upon which he is called to testify or provide an opinion.
The record shows that Dr. Gardner meets this standard. Although the trial court's order states that Dr. Gardner is not regularly engaged in the practice of his profession, the record on appeal does not contain competent and substantial evidence to support this finding. He is a board certified orthopedic surgeon, with a university medical degree and has professional training and experience in the treatment of orthopedic injuries. Dr. Gardner is the director of an orthopedic and sports clinic and holds a license to practice medicine from the State of Florida, as well as five other states. The record also contains numerous facts that might support Dr. Gardner's disqualification as an expert at trial, including his lack of hospital privileges and his nine previous disqualifications from testifying at trial.[2] However, the factors that might support Dr. Gardner's disqualification as a trial expert are not within the purview of section 766.202(5).
In Maldonado v. EMSA Limited Partnership, 645 So.2d 86 (Fla. 3d DCA 1994), the Third District reviewed the trial court's ruling that the claimant's presuit expert was unqualified to render an opinion pertaining to emergency medical services. The Third District determined that:
[s]ection 766.202(5), which defines medical expert as expressly applicable to section 766.203, provides a less stringent standard than the section delineating the standard for admission of expert testimony in an action involving emergency medical services. The less stringent standard of section 766.202(5) is in keeping with the legislative aim of preventing frivolous lawsuits without denying a claimant's access to court.
645 So.2d at 88.
We agree that section 766.202(5) limits the trial court's discretion and provides a less stringent standard for the qualifications of a presuit investigation medical expert than the *873 qualifications required to offer testimony at trial. Because the evidence presented to the trial court in this case failed to show that Dr. Gardner's qualifications did not meet the requirements of section 766.202(5), the trial court erred in disqualifying him and in granting the defendants' motions to dismiss on this ground. In arriving at this decision, we are aware of the statutory intent of the presuit investigation requirements, which is to alleviate the high costs of medical malpractice claims and to provide for their prompt resolution. § 766.201. However, the statutory provisions "[w]ere not intended to require presuit litigation of all the issues in medical negligence claims nor to deny parties access to the court on the basis of technicalities." Ragoonanan v. Associates in Obstetrics, 619 So.2d 482, 484 (Fla. 2d DCA 1993).
Accordingly, we reverse the order of dismissal and remand for further proceedings.
FRANK, A.C.J., and WHATLEY, J., concur.
NOTES
[1] Section 766.206(2), Florida Statutes (1991), provides, "[i]f the court finds that the notice of intent to initiate litigation mailed by the claimant is not in compliance with the reasonable investigation requirements of ss. 766.201-766.212, the court shall dismiss the claim...."
[2] Section 766.206(5)(b), Florida Statutes (1991), permits the court to refuse to consider the opinion of a medical expert "who has been disqualified three times pursuant to this section." The record contains no evidence that Dr. Gardner has previously been disqualified three times as a presuit screening medical expert.