679 So.2d 1209 (1996)
Joanne Claire ROYLE nee Walker, Appellant,
v.
FLORIDA HOSPITAL-EAST ORLANDO, and Jeffrey R. Morris, D.O., etc., Appellees.
No. 95-3182.
District Court of Appeal of Florida, Fifth District.
August 16, 1996.
Rehearing Denied September 24, 1996.
James R. LaVigne and Jennifer L. Cory of Lavigne & Lane, P.A., Orlando, for Appellant.
Mason H. Grower, III, of Taraska, Grower & Ketcham, P.A., Orlando, for Appellee, Florida Hospital-East Orlando.
Rafael E. Martinez, Pierre J. Seacord, and Stephanie A. Cunningham of Sanders, McEwan, Martinez, Luff & Dukes, P.A., Orlando, for Appellee, Jeffrey R. Morris, D.O.
*1210 ANTOON, Judge.
Joanne Claire Royle nee Walker (Ms. Walker) appeals the trial court's order dismissing her complaint with prejudice against Florida Hospital-East Orlando (Florida Hospital) and Jeffrey R. Morris, D.O. (Dr. Morris). The dismissal order was entered because Ms. Walker failed to provide a verified written medical expert opinion corroborating her claim of medical negligence as required by section 766.203(2)(b), Florida Statutes (1995). We affirm.
Ms. Walker, a resident of the United Kingdom, sustained a serious fracture of her left arm while water skiing in Florida. She was taken to the Florida Hospital emergency room where she was examined by Dr. Morris. Dr. Morris immediately performed an "open reduction and internal fixation" operation to repair the fracture. According to the complaint, Ms. Walker felt movement in her arm the evening of the surgery. The following day, Dr. Morris extended the elbow as a part of his examination causing a sudden failure of the fixation. Dr. Morris immediately performed a second surgery using a "neutralization dynamic compression plate and lag screws." After release from the hospital, Ms. Walker returned to the United Kingdom where she was treated by Dr. D.R. Marsh, an orthopedic surgeon.
Approximately three months after her initial injury, Ms. Walker fell and re-injured her arm, requiring a third operation which was performed by Dr. Marsh. After the third operation, Ms. Walker's Florida attorney mailed a Notice of Intent to Initiate Litigation[1] to Dr. Morris and Florida Hospital. The notice did not contain factual allegations of medical negligence and was not accompanied by a corroborating "verified medical expert opinion" as required by section 766.203(2)(b). After receipt of the notice, Florida Hospital and Dr. Morris requested additional documents and medical records which supported the complaint. In response to that request, Ms. Walker's attorney forwarded a copy of a letter from Dr. Marsh. The letter lacked any facts corroborating the alleged medical malpractice but contained the statement: "If you require a full medical report I would ask you to approach one of my colleagues since I do not do them myself. My colleague Mr. Ross is known for his expertise in fracture management."
Several weeks later, Florida Hospital again requested information regarding the records reviewed by Dr. Marsh, the identity of the parties Ms. Walker claimed were negligent, a description of the alleged negligent acts, and how these acts resulted in injury to Ms Walker. Florida Hospital received no response. Thereafter, Florida Hospital and Dr. Morris denied the malpractice claims. Importantly, by that time, more than two years had passed since Ms. Walker's third surgery.
Sometime after the claims were denied, Ms. Walker's attorney sent Florida Hospital and Dr. Morris copies of a letter purportedly prepared by Dr. Marsh which described in considerable detail Ms. Walker's medical history with regard to the injury, her condition prior to the last surgery, and the repairs made during the final operation. The letter was submitted on Dr. Marsh's letterhead but was not signed.
Thereafter, Ms. Walker filed her medical negligence complaint against Florida Hospital and Dr. Morris. Dr. Morris filed a motion to dismiss the complaint and Florida Hospital filed a motion for summary judgment, both contending that the relief requested was warranted because Ms. Walker had failed to comply with Florida's statutory presuit requirements. Specifically, both defendants asserted that Ms. Walker had failed to provide corroboration of reasonable grounds to initiate medical negligence litigation by the submission of a verified written medical expert opinion. The trial court agreed and then entered a Final Order of Dismissal with Prejudice, concluding that dismissal was required because the two-year statute of limitations had expired.
On appeal Ms. Walker argues that it was error for the trial court to find that the letters from Dr. Marsh were insufficient to constitute the corroboration required by section 766.203 because they were not given *1211 under oath. The applicable portions of Chapter 766 provide:
766.104 Pleading in medical negligence cases; claim for punitive damages.
(1) No action shall be filed for personal injury or wrongful death arising out of medical negligence whether in tort or in contract, unless that attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant. For purposes of this section, good faith may be shown to exist if the claimant or his counsel has received a written opinion, which shall not be subject to discovery by an opposing party, of an expert as defined in s. 766.102 that there appears to be evidence of medical negligence.... (emphasis added).
766.203 Presuit investigation of medical negligence claims and defenses by prospective parties.
* * * * * *
(2) Prior to issuing notification of intent to initiate medical malpractice litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to belief that:
(a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
(b) Such negligence resulted in injury to the claimant.

Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert ... (emphasis added).
We agree with Ms. Walker that these provisions do not suggest that notarization of the medical opinion is necessary. Mieles v. South Miami Hospital, 659 So.2d 1265 (Fla. 3d DCA 1995). In Mieles, the opinion of a medical expert was challenged because it had not been given under oath. However, the written opinion contained the following statement which was executed by the medical expert: "Under penalties of perjury I declare that I have read the foregoing verified written medical expert opinion pursuant to section 766.203, Florida Statutes, and that the facts stated are true to the best of [my] knowledge." The court concluded that the declaration using the language set forth in section 92.525, Florida Statutes, substantially complied with the verification requirement.
Section 92.525 provides that, in order for a document to be verified, it must be signed or executed by a person and that person must state under oath or affirm that the facts set forth in the document are true "or words to that import or effect." While it has been suggested that we liberally construe the term "words to that import or effect," so that Ms. Walker's case may proceed on the merits, such construction would not be proper. First, there is no language contained in the letters purportedly prepared by Dr. Marsh which affirm, validate or otherwise substantiate the accuracy and authenticity of the opinion. Second, only the second letter contains any corroborating facts and it is unsigned. Without a signature, there is no accountability for the truthfulness or accuracy of a statement.
Relying on Suarez v. St. Joseph's Hospital, Inc., 634 So.2d 217 (Fla. 2d DCA 1994), Ms. Walker argues that dismissal of her complaint was premature because she should have been "permitted to reaffirm her medical expert opinion at a later time." In Suarez, the plaintiff filed an unverified expert medical opinion in an effort to comply with section 766.203. Eight months before the hospital's motion to dismiss was heard, the plaintiff corrected the deficiency by submitting a sworn affidavit of the same expert adopting his earlier opinion. The court held that "while the medical opinion was not verified at the time the Notice of Intent to Initiate Litigation and the complaint were filed, that, in itself, is not fatal if compliance is secured prior to the expiration of the appropriate statute of limitation." Id. at 219. A similar result was reached in Archer v. Maddux, 645 So.2d 544 (Fla. 1st DCA 1994) wherein the court held that the failure to simultaneously *1212 provide the presuit notice and the corroboration opinion does not require dismissal so long as the requisite corroboration is furnished after the notice of intent to litigate is sent but before the statute of limitations has run.
Neither Suarez nor Archer is applicable to the instant facts. The record before us does not contain a verified opinion, an affidavit, or any other signed document from Dr. Marsh incorporating his second, more detailed opinion. More importantly, the statute of limitations has run in Ms. Walker's case.
Ms. Walker alternatively argues that the presuit requirements impinge upon her constitutional right to access to the courts. At. 1, § 21, Fla. Const. While we recognize that this court in Stebilla v. Mussallem, 595 So.2d 136 (Fla. 5th DCA), case dismissed, 604 So.2d 487 (Fla.1992), expressed some concern with the burden placed on medical malpractice litigants by the statute, this language was mere dicta. Here, we are presented with the issue on direct review, and we align ourselves with the Second District and decline to hold that the statute violates the access to courts provision of the Florida Constitution. See Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), rev. denied, 511 So.2d 299 (Fla.1987). Compliance with section 766.203 is simply a condition precedent to maintaining an action for medical negligence. Weinstock v. Groth, 629 So.2d 835 (Fla.1993). We are sympathetic to Ms. Walker's predicament whereby noncompliance with the statute has precluded review of the merits of her negligence claim. However, in the instant case, Ms. Walker did not lack the capabilities to comply with the statutory requirements but rather, she simply failed to follow the procedure set forth in the statute. Therefore, it was human failure, not the presuit requirements which barred Ms. Walker's entry to the courthouse.
Accordingly, we affirm the trial court's final order of dismissal with prejudice.
AFFIRMED.
COBB and DAUKSCH, JJ., concur.
NOTES
[1] See Ch. 766, Fla. Stat. (1995).