693 So.2d 619 (1997)
Raul CORREA, M.D., Petitioner,
v.
Norma G. ROBERTSON, Individually and as Personal Representative of the Estate of Arthur R. Day, Deceased, Respondent.
RES CARE HOME HEALTH, INC., Petitioner,
v.
Norma G. ROBERTSON, Individually and as Personal Representative of the Estate of Arthur R. Day, Deceased, Respondent.
Nos. 96-03572, 96-03574.
District Court of Appeal of Florida, Second District.
March 26, 1997.
*620 Lynn H. Groseclose of Brown, Clark & Walters, Sarasota, for Petitioner Raul Correa, M.D.
James E. Bogos and William E. Hennen of Shofi, Smith, Hennen & Gramovot, P.A., Tampa, for Petitioner Res Care Home Health, Inc.
Victor C. Krumm, Sarasota, for Respondent.
FRANK, Acting Chief Judge.
Two petitions for writs of certiorari have been filed in the above-styled proceedings. For the purpose of the opinion, we have consolidated the petitions of Raul Correa, M.D. ("Correa") and Res Care Home Health, Inc. ("Res Care"), the defendants in a medical malpractice case who seek review of the trial court's orders denying their motions to dismiss the complaint for failure to comply with the presuit notice requirements of chapter 766, Florida Statutes (1995). Norma G. Robertson filed suit, individually and as personal representative of the estate of Arthur R. Day, against Correa, who was Day's treating physician, and Res Care, who employed the nurses who attended Day.
The presuit requirements of chapter 766 apply to Count III and Count V of the third amended complaint. Count III alleges professional negligence by Correa. Count V alleges that Res Care is vicariously liable for the deviation from the standard of care empowered upon the nursing practitioners who cared for Day. See Weinstock v. Groth, 629 So.2d 835, 838 (Fla.1993).
Dr. Correa alleges that Count IV is also subject to the presuit notice requirements. The bare allegations do not, however, clearly set forth "a claim arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a), Fla. Stat. (1995). Therefore, we deny the petition as to Count IV. The denial does not preclude Correa from asserting the defense of failure to comply with the requirements of chapter 766 if it later becomes apparent that Robertson is *621 seeking relief based upon Correa's rendering, or failing to render, medical services.
Specifically, Correa and Res Care assert that the affidavit offered in support of the notice of intent was inadequate because the affiant is not a physician. It is contended that a "medical expert" as defined by section 766.202(5), Florida Statutes (1995), must be a physician. Since no other affidavit was filed before the expiration of the two-year statute of limitations for medical malpractice, Correa and Res Care claim that they are entitled to dismissal with prejudice from the litigation.[1]
Our court's review is limited to the question of whether the trial court applied the correct legal principles in determining that the affiant, who does not have a medical degree or license but holds a masters degree in hospital administration and has had extensive experience administering geriatric care facilities, was a qualified medical expert as defined in section 766.202(5). Faber v. Wrobel, 673 So.2d 871, 872 (Fla. 2d DCA 1995).
Section 766.202(5) defines a medical expert as:
[a] person duly and regularly engaged in the practice of his profession who holds a health care professional degree from a university or college and has had special professional training and experience or one possessed of special health care knowledge or skill about the subject upon which he is called to testify or provide an opinion.
A "health care provider" includes "physicians licensed under chapter 458 ... nurses licensed under chapter 464," but does not include a hospital administrator such as the affiant in this case. Weinstock, 629 So.2d at 836-37.[2]
Compliance with section 766.203 is a condition precedent to maintaining an action for medical negligence. Id. at 836. Although the presuit notice requirements should be narrowly construed in accordance with the rule that restrictions on access to the courts must be treated in a manner favoring access, presuit notice and screening requirements are more than mere technicalities and willful noncompliance can result in dismissal. Id. at 838; Melanson v. Agravat, 675 So.2d 1032 (Fla. 1st DCA 1996).
Both Correa and Res Care provided written notification to Robertson before the suit was filed, and long before the statute of limitations ran, that the affidavit did not comply with the statutory presuit requirements because the affiant was not a medical doctor. Robertson did not lack the capability to comply with the statutory requirements "but rather, she simply failed to follow the procedure set forth in the statute. Therefore, it was human failure, not the presuit requirements which barred [her] entry to the courthouse." Royle, 679 So.2d at 1212.
Accordingly, we grant the petitions for writs of certiorari, in part, reverse the trial court's order as to Counts III and V, and deny the petition as to Count IV.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Numerous cases have held that if the expert medical opinion required by section 766.203, Florida Statutes (1995), is technically deficient when submitted, it is not fatal to jurisdiction so long as compliance is accomplished within the two-year limitations period provided for filing suit." Kukral v. Mekras, 679 So.2d 278, 283 (Fla. 1996); Royle v. Florida Hospital-East Orlando, 679 So.2d 1209, 1211-12 (Fla. 5th DCA 1996).
[2] The definitions from repealed section 768.50(2)(b) have been incorporated into section 766.102(1), Florida Statutes (1991).