KLEIN, J.
Appellant plaintiff obtained a default judgment for attorney’s fees against the defendant, but the trial court granted defendant’s rule 1.540(b) motion to vacate based on excusable neglect. We affirm, addressing only one issue, which is whether the sworn statement filed in support of the motion to vacate was technically proper.
Plaintiff argues that the sworn statement, which is titled “Affidavit,” is deficient because of the following paragraph contained below the signature of the affiant and above the signature of the notary public.
I hereby certify that on this day, before me, an officer duly authorized to administer oaths and take acknowledgments, personally appeared, THOMAS RICHFIELD, known to me to be the person described in and who executed the foregoing Affidavit, who acknowledged before me that he executed the same, that I relied upon the following form of identification of the above named person: THOMAS RICH-FIELD, and that an oath was/was not taken. (Emphasis added.)
The emphasized portion did not state whether an oath was or was not taken, and plaintiff contends that this was the equivalent of an unsworn document. It therefore does not, according to plaintiff, satisfy the requirement that a motion to vacate a default must be under oath. Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982). The document, however, states in the first paragraph:
*1188 BEFORE ME, the undersigned authority, personally appeared THOMAS RICHFIELD, having personal knowledge of the below-described matters and being duly sworn, deposes and says:
This first paragraph qualifies this as a verified document under oath under section 92.525(4)(c), which states that a verified document means that the person “must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.”
It was unnecessary for this sworn statement to be notarized. Mieles v. S. Miami Hosp., 659 So.2d 1265 (Fla. 3d DCA 1995)(medical expert’s sworn statement attached to medical malpractice plaintiffs notice of intent did not have to be notarized). The final paragraph, which is ambiguous, is accordingly of no import.
Finding no abuse of discretion, we affirm.
STEVENSON and GROSS, JJ., concur.