NESBITT, Senior Judge.
Under appeal is an order dismissing plaintiffs’ wrongful death action as being barred by the statute of repose. We affirm.
According to Osvaldo Tapia-Ruano, the personal representative of the Estate of Maria Gloria Estanillo, on August 12,1996, Dr. Luis 0. Alvarez administered a contraindicated dosage of contrast to Maria Gloria Estanillo during a CT scan. As a result of the contrast, according to plaintiffs, Estanillo suffered permanent kidney damage and later died of complications. Before her death, Estanillo filed a malpractice action against Dr. Alvarez on January 29, 1999. The trial court granted the doctor’s motion to dismiss for failing to file a written corroborating affidavit within two years of the incident. We affirmed that order in Tapia-Ruano v. Alvarez, 765 So.2d 942 (Fla. 3rd DCA 2000).
On September 12, 2000, Tapia served Dr. Alvarez with a notice of intent, purporting to commence a wrongful death action. Thereafter, on December 22, 2000, Tapia filed a second amended complaint in the medical malpractice action, seeking to bring the doctor back into the litigation by alleging a claim against him for wrongful death. In response, the doctor filed his motion to dismiss, arguing the statute of repose had expired on August 12, 2000, four years from the date of the triggering event.
In Musculoskeletal Institute Chartered v. Parham, 745 So.2d 946, 948 (Fla.1999), the Supreme Court observed that a medical malpractice action commences, for purposes of the statute of repose, when the prospective claimant files for the automatic 90-day extension of the statute of limitations in order to comply with the requirement to conduct a reasonable investigation of possible medical malpractice, or when the prospective claimant serves a notice of intent to initiate litigation. Citing to Par-ham, Tapia maintains that his claim commenced, for purposes of the statute of repose, from the filing of the automatic 90 day extension of the statute of limitations in the medical malpractice action, on July 28, 1998, or from the service of a notice of intent in the medical malpractice action on September 3, 1998. However, because both the petition for automatic extension and the notice of intent went to the malpractice claim, Tapia could not “relate back” the instant wrongful death claim against the doctor, previously dismissed from the action.
Simply put, while actions could have been taken before the repose period had run, in the instant case, they were not. The statute of repose expired on August 12, 2000, four years after the August 12, 1996, triggering event. Both the notice of intent of September 12, 2000, and amended complaint alleging wrongful death, filed December 22, 2000, came after August 12, 2000. Thus the action was not commenced before the repose period had run.
Accordingly, the order under review is affirmed.